Jesse Wilson **JEFFRESS**, etc.,
Plaintiffs,

v.

**TITIUS and Seius, et al., Defendants.**

**Civ.A. No. 90–0256(R).**

United States District Court,
W.D. Virginia,
Roanoke Division.

June 26, 1990.

---

Mary Sue Terry, Atty. Gen., Roger L. Chaffe, Sr. Asst. Atty. Gen., Thomas J. Czelusta, Asst. Atty. Gen., Comm. of Va., Margaret D. Moncure, and Charles F. Midkiff and Regina M. Policano, Midkiff & Hiner, P.C., Richmond, Va., for defendants.

Jesse Wilson Jeffress, pro se.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff, on behalf of Moses Nursing Home, Incorporated, and Moses Life Insurance Association, filed a complaint, alleging violation of 15 U.S.C. § 1. As defendants, plaintiff has named certain unnamed officials of the Commonwealth of Virginia, Edwin Baker, and Gordon Ragland. Defendants, through counsel, have filed motions to dismiss, asserting that this Court lacks subject-matter jurisdiction over this action and alleging insufficiency of service of process. The issues have been briefed, the Court has heard oral argument, and the matter is ripe for the Court's consideration.

Plaintiff alleges that defendants have caused business injury to Moses Nursing Home. The Court is of the opinion that it has no subject matter jurisdiction over plaintiff's claim. Plaintiff argues that the Court has jurisdiction under 28 U.S.C. § 1331 because he alleges that defendants have violated 15 U.S.C. § 1. However, the Court finds that plaintiff's claim does not state a cause of action under 15 U.S.C. § 1. To state a claim under the antitrust laws of the United States, the conduct complained of must be in interstate commerce or substantially affect interstate commerce. *McLain v. Real Estate Board of New Orleans, Inc.*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980). Moreover, jurisdiction may not be invoked under the statute unless the relevant aspect of interstate commerce is identified. It is not sufficient merely to rely on identification of a relevant local activity and to presume an interrelationship with some unidentified aspect of interstate commerce. To establish jurisdiction, a plaintiff must allege the crit-

ical relationship in the pleadings. *Id.* at 242, 100 S.Ct. at 509. Moses Nursing Home operates an adult home in Charlotte County. Plaintiff's complaint contains no allegations as to how the alleged actions by defendants, even if they in fact injured the nursing home, affected interstate commerce in any way. Hence, plaintiff's complaint fails to state a claim under 15 U.S.C. § 1. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's complaint.

The Court is further of the opinion that plaintiff's complaint must be dismissed for insufficiency of service of process. Rule 4(d), Federal Rules of Civil Procedure, requires that each defendant be served with a copy of the complaint and a summons, together. The Titius and Seius named in the style of plaintiff's complaint apparently refer to unnamed officials of the Commonwealth of Virginia. As these officials are unnamed, they have not been served with process. Plaintiff has apparently attempted to complete service by serving the Attorney General of Virginia. However, this official is not empowered to accept service of process on behalf of other officials of the Commonwealth. Accordingly, the Court holds that plaintiff has failed to adequately provide for service of process on "Titius and Seius."

Both defendants Baker and Ragland have asserted that plaintiff failed to serve them with a copy of the original complaint and a summons. Plaintiff has not contested this allegation. Therefore, plaintiff has not properly served defendants Baker and Ragland with process and, thus, this action must be dismissed on this ground.

On its own motion, the Court also holds that this action must be dismissed because plaintiff lacks standing to bring it. Both of the entities whom plaintiff sues on behalf of appear to be unincorporated associations. Under Virginia law, such associations may bring legal actions. § 8.01–15, Code of Virginia. However, in interpreting the predecessor statute to § 8.01–15, the Virginia Supreme Court has held that the statute contemplates that legal actions brought pursuant to the statute will be brought by officers of the association or by members of the association who have been legally authorized to proceed with the litigation. *Brown v. Virginia Advent Christian Conference*, 194 Va. 909, 76 S.E.2d 240 (1953). Plaintiff has stated to the Court that he is not an officer of either of the two associations, and the record does not contain any indication that either of the two entities have authorized him to bring this action. Plaintiff has also not been named as a trustee of either association by any court of competent jurisdiction. Accordingly, plaintiff lacks standing to bring this action.

For the foregoing reasons, plaintiff's action must be dismissed. This dismissal shall be without prejudice. An appropriate Order to that effect shall be entered this day.